UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING MWASI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CORCORAN STATE PRISON et al.,<br><br>　　　　Defendant. | Case No.: 1:13-cv-00695 – JLT (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE A COMPLAINT<br><br>(Doc. 17). |

　　　　Plaintiff King Mwasi ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this matter in the U.S. District Court for the Northern District of California on April 24, 2013, through a letter addressed to the Honorable Thelton E. Henderson. (Doc. 1). On April 24, 2013, the Clerk of the Court requested that Plaintiff submit his complaint within 28 days. (Doc. 2). Rather than submit his complaint, Plaintiff filed a second letter with the Court requesting clarification of the April 24 notice and requesting appointment of an attorney. (Doc. 5). The matter was transferred to the United State District Court for the Eastern District of California for proper venue on May 10, 2013. (Doc. 6). Presently, and for the following reasons, the Court **DENIES** Plaintiff's request for counsel and **ORDERS** Plaintiff to submit his complaint within **21 days** of the date of service of this Order.

///

### I. Request for Counsel.

Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law, he has not yet submitted any pleadings for the Court to consider the likelihood of his success on the merits. However, given the language of Plaintiff's letter dated April 24, 2013, (Doc. 1), the Court presumes that Plaintiff's case is not exceptional. This Court is faced with similar cases almost daily. Thus, Plaintiff's motion for the appointment of counsel is **HEREBY DENIED without prejudice.**

### II. Order to File Complaint

Plaintiff has filed a letter in this matter, which the Court cannot construe as a complaint. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (quotation marks, citations omitted). As Plaintiff was previously provided 28

days in which to file his complaint, (Doc. 2), Plaintiff shall be given a **FINAL** opportunity to file his complaint within **21 days** of the date of service of this Order and such complaint, including attached exhibits, **SHALL NOT exceed 20 pages.**

## ORDER

Accordingly, and for the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's motion for assistance of counsel (Doc. 5) is **DENIED;**
2. Plaintiff **SHALL SUBMIT** his complaint within **21 days** of the date of service of this Order; and
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **May 30, 2013**              **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE