UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING MWASI,<br><br>    Plaintiff,<br><br>    v.<br><br>CORCORAN STATE PRISON, et al.,<br><br>    Defendant. | Case No.: 1:13-cv-00695 – JLT (PC)<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 14) |

Plaintiff King Mwasi ("Plaintiff") is state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). On August 1, 2013, Plaintiff initiated this matter against 14 Defendants, alleging violations of the First, Fourth, Eighth, and Fourteenth Amendments. (Doc. 14 at 2-3). As required by 28 U.S.C. § 1915A, the Court screens the complaint, and for the reasons set forth below, the Court **ORDERS** that the complaint be **DISMISSED.**

I.  **Screening Requirement**

Because Plaintiff seeks redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify any cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. PLEADING STANDARDS

### A. Fed. R. Civ. P. 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 676-684 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Id. at 678) (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 679.

### B. 42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act,

or omitted to perform an act which he was legally required to do that caused the deprivation of which the plaintiff complains. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).  42 U.S.C. § 1983 does not create substantive rights, but rather services as a vehicle to protect federal rights which have been established elsewhere. Graham v. Connor, 490 U.S. 386, 393-394 (1989).

### III.     PLAINTIFF'S COMPLAINT

Plaintiff presents a disjointed complaint that makes his cause of action difficult to ascertain. Nonetheless, the Court has reviewed the complaint and summarizes, as best as it can, as follows: [1]

Plaintiff suffers from a plethora of medical conditions, including, lower extremity and back pain, bladder control issues, and cognitive impairment. (Doc. 14 at 5 ¶ 2, 10 ¶ 25, 15).  Over the years, the CDCR has incarcerated Plaintiff at a number of different prisons in California. Id. at 6 ¶ 2.

In March 2009, the CDCR transferred Plaintiff to California State Prison, Los Angeles County ("LAC"). (Doc 14 at 9 ¶ 20).  Plaintiff's medical problems continued at LAC and his doctors did not have his accurate medical files. Id.  He was also denied a "tennis shoe chrono." Id. at 9 ¶ 22.

On June 7, 2011, the CDCR transferred Plaintiff to California State Prison, Corcoran ("COR"). (Doc. 14 at 10 ¶ 26).  On his arrival, he informed an unnamed registered nurse of his medical conditions, including his asthma, need for pain medication, and allergy to wool blankets. Id.  His medical conditions continued and he received subpar medical care at COR. Id. at 10 ¶¶ 27-31.

Plaintiff seemingly suffers from psychiatric issues and was placed in the Psychiatric Services Unit ("PSU") at California State Prison, Sacramento ("SAC") in January of 2013. (Doc. 14 at 13 ¶ 57). At some point, Plaintiff unsuccessfully attempted to commit suicide, because Dr. Teed told him to do so. Id. at 14 ¶ 61.  From February to July of 2012, Plaintiff remained at SAC. Id. at 10 ¶ 32.

On July 7, 2012, Plaintiff was again transferred to COR. (Doc. 14 at 11 ¶ 39).  Two weeks after his arrival, prison personnel discarded his television. Id. at 15 ¶ 66.  Plaintiff refused placement in a cell with an "unknown inmate" who was allegedly a threat to others. Id. at 16 ¶ 66.  Prison personnel took away Plaintiff's privileges for the following nine months. Id.

---

[1] The Court does not address allegations arising prior to April 24, 2009.

## IV. DISCUSSION AND ANALYSIS

### A. Statute of Limitations

Plaintiff raises factual allegations that occurred between 2000 to the present. *See generally*, (Doc. 14). However, prisoners generally have four years from the time the claim accrues to file their action. *See* Wallace v. Kato*,* 549 U.S. 384, 387–88, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (applicable statute of limitations is California's statute of limitations for personal injury actions; Cal. Civ. Proc. Code § 335.1 (establishing a two-year statute of limitations in § 1983 cases); and California Civil Procedure Code § 352.1(a) (providing a tolling of the statute of limitations for two years for persons imprisoned on a criminal charge).  The Court considers April 24, 2013, to be the determinative date regarding the timeliness of Plaintiff's claims, as it is the date Plaintiff initiated this matter. (Doc. 1).  Thus, the statute of limitations would bar any claims brought prior to April 24, 2009. Therefore, the Court **DISMISSES** any claims brought prior to April 24, 2009, as untimely and declines to address the substantive merits contained therein.

### B. Causal Link Required

To state a § 1983 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[] in motion a series of acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict the constitutional injury." Johnson, 588 F. 2d at 743-744.  There must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691-92 (1978); Rizzo, 423 U.S. at 370-71; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

Plaintiff fails to causally link each Defendant to an act which caused a constitutional injury. For instance, Plaintiff avers that Dr. Perrin confirmed Plaintiff's ankle damage on an unnamed date. (Doc. 1 at 8 ¶ 16). Nowhere, however, does Plaintiff mention any wrong committed by this defendant. In his first amended complaint, Plaintiff must specifically allege how each named defendant is liable for the claimed deprivation. Therefore, the complaint is **DISMISSED**.

///

///

### C. Eighth Amendment - Excessive Use of Force

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In determining whether a prison official has used excessive force, "the core judicial inquiry . . . is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Factors the court may consider in making this determination include: (1) the extent of the injury; (2) the need for force; (3) the relationship between the need and the amount of force used; (4) the threat as reasonably perceived by prison officials; and (5) any efforts made by prison officials to temper the severity of a forceful response. Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

Plaintiff presently avers that he was a victim of excessive force a week before he was transferred to Corcoran. (Doc. 14 at 10 ¶ 23). He provides no further facts beyond an indication that he received injuries to his wrists and hands. Id. Notably, Plaintiff fails to allege who actually inflicted the excessive force on him. Should Plaintiff wish the Court to consider this claim in his amended complaint, he must indicate the date on which this happened, who harmed him, the facts surrounding the use of force, and sufficiently describe his injuries. Thus, Plaintiff fails to state a cognizable claim for an Eighth Amendment excessive use of force and the claim is **DISMISSED**.

### D. Eighth Amendment – Failure to Protect

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)). To establish a violation of this duty, a prisoner must demonstrate that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. This requires the prisoner to satisfy both an objective and a subjective component. First, the prisoner must demonstrate that the alleged deprivation was, in objective terms, "sufficiently serious." Id. at 834 (quoting Wilson v. Seitner, 501 U.S. 294, 298 (1991)). Second, the prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind. Prison officials must have known of and disregarded an excessive risk to the prisoner's safety. Id. at 837.

According to Plaintiff, in January of 2012, the CDCR transferred him to the PSU of the California State Prison in Sacramento. (Doc. 14 at 13 ¶ 57). Plaintiff alleges that Dr. Teed, a clinician, told him to commit suicide. Id. at 14 ¶ 61. He then made an unsuccessful attempt to kill himself. Id. at 14 ¶ 62.

However, a suicide attempt is actionable only where the act of attempted suicide is non-volitional. Soto v. City of Sacramento, 567 F.Supp. 662, 693-694 (E.D.Cal.1983). Thus, Plaintiff must allege sufficient facts to demonstrate that the act of attempted suicide was not volitionally taken and was, instead, caused by the Defendant's wrongful conduct.

> That is to say, plaintiff's attempted suicide, if the result of a mental condition proximately caused by [the] defendants' violation of his constitutional rights, which condition prevents him from realizing the nature of his act or controlling his conduct, constitutes an intervening (i.e., one cause) but not superceding (i.e., sole cause) of plaintiff's injury and thus does not, as a matter of law, break the chain of proximate cause. On the other hand, if at the time of the attempted suicide plaintiff was able to appreciate the nature of his act and able to control his conduct, but chose freely to attempt suicide, defendants would not be liable for the injuries sustained by virtue of the attempted suicide.

Soto, at 693-694 Thus, Plaintiff fails to state a cognizable Eighth Amendment claim of failure to protect. Therefore, the claim is **DISMISSED.**

### E. Eighth Amendment - Inadequate Medical Care

Plaintiff complains at length about the medical treatment received while incarcerated. To establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of

chronic and substantial pain.  McGuckin, 974 F.2d at 1059-60 (citations omitted).

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff.  See Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096.  Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment.  See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  Nevertheless, "[d]eliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

With regard to his medical condition, seemingly Plaintiff suffers from, among other medical conditions, respiratory problems, nerve damage, bladder issues, dermatological issues, chronic pain, ringing in his ears and mental health issues. *See* (Doc. 14 at 10-20).  Plaintiff further indicates how some of these affect his daily abilities, such as his mental impairments cause him to sleep 18 hours a day.  It is apparent that Plaintiff suffers from some serious medical conditions.

However, rather than providing sufficient facts to demonstrate that any defendant acted with deliberate indifference, Plaintiff provides a laundry list of grievances he wishes the Court to consider. While he complains at length about how his doctors treated him, he fails to indicate how his medical providers acted with deliberate indifference.  For instance, Dr. Gallagher denied Plaintiff's request for orthopedic shoes, indicating that they were not medically indicated. (Doc. 14 at 8 ¶ 14).  While Plaintiff may object to Dr. Gallagher's, or any of his medical providers', medical assessment and treatment, *"differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs*." Quiroga v. Green, 1:11-CV-00989-GBC, 2012 WL 3704784 (E.D. Cal. Aug. 24, 2012) (*citing* Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)) (emphasis in original).

As Plaintiff fails to set forth the specific dates on which he received much of his medical treatment, the Court need not address the substantive merits of each Eighth Amendment claim of inadequate medical care at this time.  In his first amended complaint, Plaintiff must set forth the dates he alleges that prison personnel acted with deliberate indifference toward his serious medical

condition.  Thus, Plaintiff fails to state a cognizable Eighth Amendment claim of inadequate medical care.  Therefore, the claim is **DISMISSED.**[2]

### E.   Americans With Disability Act

Plaintiff alleges violations of the Americans with Disabilities Act ("ADA").  The United States Supreme Court has determined that Title II of the Americans with Disabilities Act, 42 U.S.C. Section 12131 *et seq.*, which prohibits "public entities" from discriminating against individuals with disabilities because of their disability, applies to state prisons and prisoners. *See* Pennsylvania Dept. Of Corrections v. Yeskey, 524 U.S. 206 (1998)("the [ADA's] language unmistakably includes State prisons and prisoners within its coverage").  A plaintiff states a cause of action under Title II of the ADA where he alleges that "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability." Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010).  The ADA does not provide a remedy for inadequate medical treatment of a disability. Simmons, 609 F.3d at 1022.

The complaint does not indicate whether defendants denied Plaintiff access to any service or program based on his disability.  Further, while Plaintiff provides the Court a list of his medical problems, he does not indicate which of these medical conditions provides the basis of his disability.  Thus, Plaintiff fails to state a cognizable claim under Title II of the ADA.  Therefore, the claim is **DISMISSED**.

### F.   Fourth or Fourteenth Amendment Claim

Plaintiff seemingly alleges that COR's confiscation of his television constitutes an unlawful

---

[2] Plaintiff also alleges that Coleman violations occurred throughout his incarceration with the CDCR.  For instance, Plaintiff indicates that personnel in the PSU would "minimize (sic) his condition [and] fabricate reports." (Doc. 14 at 14 ¶¶ 59, 60).  The Court presumes the Plaintiff refers to Coleman v. Wilson, 913 F.Supp.1282, (E.D. Cal. 1995).  In Coleman, the Court addressed the numerous deficiencies present in the CDCR's mental health care system. *See generally*, Coleman, 913 F.Supp.1282.  The Court found that the CDCR's mental health care system was so deficient that it violated the Eighth Amendment right to adequate medical care. Id.  However, the Court did not create a separate cause of action in its ruling in Coleman.  Thus, Plaintiff is advised that he must bring his claims against the PSU under the Eighth Amendment right to adequate medical care in his amended complaint.

seizure in violation of the Fourth Amendment. On the other hand, Plaintiff may allege a deprivation of his television in violation of the due process clause of the Fourteenth Amendment.

The Due Process Clause protects prisoners from being deprived of property without due process of law. *See* Gonzales v. Price (E.D. Cal., Dec. 2, 2009) 2009 WL 4718850 *3-4 (citing Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974). While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *See* Gonzales, 2009 WL 4718850 *3-4 (citing Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), Logan v. Zimmerman Brush Co., 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) and Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1985)). Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Gonzales, 2009 WL 4718850 *3-4 (citing Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir.1985), and Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir.1987).

Since there is no indication that Plaintiff's property was taken because of an established state procedure, Plaintiff's allegations that his television was confiscated amounts to an unauthorized intentional deprivation. Defendant's actions therefore constitute a violation of due process only if a meaningful post-deprivation remedy for Plaintiff's loss is unavailable. *See* Hudson, 468 U.S. at 533. Here, Plaintiff has a meaningful post-deprivation remedy. Namely, Plaintiff may file suit in state court pursuant to California Government Code §§ 900, et seq. *See* Parratt v. Taylor, 451 U.S. 527, 539 (1981) ("[P]ost-deprivation remedies made available by the State can satisfy the Due Process Clause."); Arnold v. Williams, No. CIV S-08-28886 DAD P, 2009 WL 3710522, at *3 (E.D. Cal. Oct. 28, 2009) (California Government Code §§ 900, et seq. provide a sufficient post-deprivation remedy for the purposes of due process). Thus, the claim is **DISMISSED**.

///

**G. California Tort Claims Act**

Finally, Plaintiff alleges a California medical malpractice claim. However, under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). In pleading a state tort claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1243-44 (2004). Failure to allege compliance constitutes a failure to state a cause of action and will result in the dismissal of plaintiff's state law claims. Id. Given that Plaintiff provides no mention of the CTCA in his complaint, the Court has no jurisdiction to consider the substantive merits of his medical malpractice claim. Therefore, the California medical malpractice claim is **DISMISSED.**

**V. LEAVE TO AMEND**

The Court will provide Plaintiff a final opportunity to amend his pleading to cure the deficiencies noted in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his first amended complaint, **Plaintiff must address the deficiencies noted in this Order. Plaintiff is advised that his failure to do so will result in an order dismissing this action.**

In addition, Plaintiff is cautioned that in his amended complaint he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his first amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

Finally, Plaintiff's first amended complaint **SHALL** comply with Fed. R. Civ. P. 8(a). While

Plaintiff admirably set forth his original complaint in ten pages, Plaintiff unnecessarily attached 55 pages of exhibits to his original complaint. There is no need to attach exhibits to Plaintiff's first amended complaint. Therefore, **Plaintiff's first amended complaint, including the attached exhibits, SHALL NOT exceed 20 pages**.

## ORDER

For the reasons stated above, the Court **HEREBY ORDERS** that:

1. The complaint (Doc. 14) is **DISMISSED;**

2. Plaintiff is **GRANTED** 21 days from the date of service of this Order, to file a first amended complaint that addresses the deficiencies set forth in this Order. The first amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." The First Amended Complaint **SHALL not exceed 20 pages**;

3. The Clerk of the Court is **DIRECTED** to send Plaintiff the form complaint for use in a civil rights action; and

4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **August 14, 2013**             /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE