UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING MWASI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORCORAN STATE PRISON, et al.,<br><br>　　　　Defendant. | Case No.: 1:13-cv-00695-JLT (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 24)<br><br>30 DAY DEADLINE |

**I.    Background**

    Plaintiff King Mwasi ("Plaintiff") is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this matter via a letter which he filed in the Northern District of California. (Doc. 1.) The action was transferred to this court on May 10, 2013. (Doc. 6.) Plaintiff was ordered to file a complaint, with which he complied. (Docs. 9, 14.) The Complaint was screened and found to be devoid of any cognizable claims against any of the named Defendants. (Doc. 17.) In the screening order, Plaintiff was given various pleading standards applicable to the claims he was attempting to state and admonished that an amended complaint must neither exceed twenty (20) pages in length, nor include claims prior to April 24, 2009 as they were past the applicable statute of limitations. (*Id.*) Plaintiff filed the First Amended Complaint on November 14, 2013. (Doc. 24.) However, despite the admonishments in the prior screening order, the First Amended Complaint contains factual allegations going as far back as December of 2000, has doubled the length of his

1

allegations, and more than tripled the number of persons named as Defendants without regard for, or making any discernable attempt to comply with the prior screening order. (*Id.*) It is unclear whether Plaintiff is unwilling or unable to follow the instructions in the prior screening order. However, in an effort to give Plaintiff every leniency due to a pro se inmate plaintiff, he is granted one final opportunity to amend. For the reasons set forth below, the First Amended Complaint is dismissed with leave to amend.

### A.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### B.    Summary of the First Amended Complaint

Plaintiff complains of acts that occurred while he was an inmate at North Kern State Prison (NKSP), Substance Abuse Treatment Facility (SATF), California Correctional Institute (CCI), Correctional Training Facility (CTF), California Men's Colony (CMC), and the Los Angeles County jail (LAC). Plaintiff names 47 prison staff members from these various facilities as Defendants in this action.

Plaintiff's First Amended Complaint is prolix, verbose, disjointed, and convoluted -- much along the lines of a stream of consciousness. Attempting to distill Plaintiff's allegations in the First Amended Complaint to a summary and to discern which of his constitutional rights he feels were violated by any given Defendant(s) verges on the impossible. Thus, the below standards are given based on what claims it appears Plaintiff may be trying to make without endeavoring to ascertain which of Plaintiff's factual allegations he may have intended to show a given violation.

Plaintiff may be able to amend to correct the deficiencies in his pleading so as to state a cognizable claim. Thus, he is being given what appear to be the applicable standards based on key words and/or phrases in his statement of claim and leave to file a second amended complaint.

**C.    Pleading Requirements**

**1. Federal Rule of Civil Procedure 8(a)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth only as much "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557. Courts are not required to indulge unwarranted inferences. *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held—and we

know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Since Plaintiff failed to heed the page restrictions as delineated in the prior screening order, he is warned that "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

If he chooses to file a second amended complaint, Plaintiff should endeavor to make it as concise as possible. He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis and he must do so in **no more than 20 pages**. If Plaintiff fails to comply with the 20 page limitation, this action will be subject to dismissal as violating Rule 8(a), and may be counted as a strike for failure to state a claim under 28 U.S.C. § 1915(g) so as to bar him from filing in forma pauperis in the future.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for

4

relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  Further, Plaintiff cannot bring claims under section 1983 against other inmates as they are not persons acting under color of state law.

Plaintiff must clarify which Defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his Complaint must put each Defendant on notice of Plaintiff's claims against him or her.  *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 3.  Federal Rule of Civil Procedure 18(a)

Fed.R.Civ.P. 18(a) states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) citing 28 U.S.C. § 1915(g).

The Court is unable to discern specific relationship between the generalized concepts listed in Plaintiff's Statement of Claim.  Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event.  The fact that claims are premised on the same type of constitutional violation(s) (i.e. retaliation) against multiple defendants does not make them factually related.  The fact that similar violations occurred at different facilities do not make them related either.  While Plaintiff may be able to state a cognizable claim, he clearly violates Rule 18(a) by including multiple unrelated claims in this single filing.  It appears that, at a minimum, Plaintiff's claims at separate facilities should be brought in separate actions.  Plaintiff is advised that if he chooses to file a second amended complaint and fails to comply with Rule 18(a), all unrelated claims will be stricken.

///

### 4. Statute of Limitations

As stated in the prior screening order, prisoners generally have four years from the time the claim accrues to file their action. *See Wallace v. Kato,* 549 U.S. 384, 387–88 (2007) (applicable statute of limitations is California's statute of limitations for personal injury actions; Cal. Civ. Proc. Code § 335.1 (establishing a two-year statute of limitations in § 1983 cases); and California Civil Procedure Code § 352.1(a) (providing a tolling of the statute of limitations for two years for persons imprisoned on a criminal charge). The Court considers April 24, 2013, to be the determinative date regarding the timeliness of Plaintiff's claims, as it is the date Plaintiff initiated this matter. (Doc. 1.) Thus, the statute of limitations would bar any claims brought prior to April 24, 2009. If Plaintiff decides to file a second amended complaint, he should not, yet again, attempt to raise any claims based on events that occurred prior to April 24, 2009, as they are barred.

### D.   Claims for Relief

#### 1. Eighth Amendment

##### a. Excessive Force

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir.1988), cert. denied, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim"). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F.Supp. 797, 800 (N.D.Iowa 1992) (citation omitted), *aff'd,* 973 F.2d 686 (8th Cir. 1992). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at 347).

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (8th Amendment excludes from constitutional recognition de minimis uses of force). The malicious and sadistic use of force to cause

harm always violates contemporary standards of decency, regardless of whether significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (internal quotations marks and citations omitted).

### b. Serious Medical Needs

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

The existence of a condition or injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994).

The second prong requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotation marks omitted). Under *Jett*,

"[a] prisoner need not show his harm was substantial." *Id.*; *see also McGuckin*, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in 'substantial' harm to the prisoner is not necessary.").

Also, to the extent that Plaintiff feels that he is being involuntarily medicated, "the Due Process clause permits the State to treat a prison inmate who has a serious mental illness, with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest" as long as the decision to medicate against his will is neither arbitrary, nor erroneous, and comports with procedural due process. *Washington v. Harper* 494 U.S. 210, 227-29 (1990).

### c. Failure to Protect

Under the Eighth Amendment, prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). This involves both objective and subjective components.

First, objectively, the alleged deprivation must be "sufficiently serious" and where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392 (1981). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847, 114 S.Ct. 1970.

### 2. Fourth or Fourteenth Amendment Claim

The Due Process Clause protects prisoners from being deprived of property without due

8

process of law. *See Wolff v. McDonnell,* 418 U.S. 539, 556 (1974); *Hansen v. May,* 502 F.2d 728, 730 (9th Cir.1974). While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," *See Gonzales,* 2009 WL 4718850 *3-4 (citing *Hudson v. Palmer,* 468 U.S. 517, 533 (1984), *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th Cir.1985)). Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Gonzales*, 2009 WL 4718850 *3-4 (citing *Piatt v. McDougall,* 773 F.2d 1032, 1036 (9th Cir.1985); *Knudson v. City of Ellensburg,* 832 F.2d 1142, 1149 (9th Cir.1987). Where, as here, the deprivation appears to be unauthorized, a due process claim is viable only if Plaintiff is without a meaningful post-deprivation remedy in state court. *See Hudson*, 468 U.S. at 533. However, Plaintiff cannot proceed under section 1983 for violation of his due process rights based on the taking of his property items as California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-817 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

### 3. Inmate Appeals

The Due Process Clause also protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.

1   2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance
2   procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure
3   confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it
4   does not give rise to a protected liberty interest requiring the procedural protections envisioned by the
5   Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp.
6   315, 316 (E.D. Mo. 1986).

7   Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability
8   under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a
9   violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct.
10  "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on
11  an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d
12  645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v.
13  McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).

14  Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff
15  fails and is unable to state a cognizable claim against any prison personnel for the processing and/or
16  reviewing of his 602 inmate appeals.

17  To the extent that Plaintiff included the allegations regarding the handling of his inmate
18  appeals in an attempt to show exhaustion of his administrative remedies, he is advised that failure to
19  exhaust is an affirmative defense, to be raised by a defendant. *Jones v. Bock*, 549 U.S. 199 (2007). It
20  appears to the Court that, aside from attempting to state a claim for the handling of his inmate appeals
21  -- which is not cognizable, Plaintiff might have included allegations pertaining to his inmate appeals to
22  show that his efforts to exhaust administrative remedies were thwarted in anticipation of a defense.
23  However, a complaint is not the proper vehicle for such arguments, but rather must merely state
24  allegations to show that a plaintiff exhausted his available administrative remedies. Arguments
25  pertaining to the availability (or unavailability) of administrative remedies are most properly vetted
26  when the exhaustion defense is raised via a motion to dismiss. Fed. R. Civ. Pro. 12(b).

27      **4.**  **Americans with Disabilities Act**
28  The United States Supreme Court has determined that Title II of the Americans with

Disabilities Act, 42 U.S.C. Section 12131 *et seq.*, which prohibits "public entities" from discriminating against individuals with disabilities because of their disability, applies to state prisons and prisoners. *See Pennsylvania Dept. Of Corrections v. Yeskey*, 524 U.S. 206 (1998) ("the [ADA's] language unmistakably includes State prisons and prisoners within its coverage"). A plaintiff states a cause of action under Title II of the ADA where he alleges that "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1021 (9th Cir. 2010). The ADA does not provide a remedy for inadequate medical treatment of a disability. *Simmons*, 609 F.3d at 1022.

### 5. California Law -- Negligence/Malpractice

To establish medical negligence (malpractice), a plaintiff must state (and subsequently prove) all of the following: (1) that the defendant was negligent; (2) that the plaintiff was harmed; and (3) that the defendant's negligence was a substantial factor in causing the plaintiff's harm. *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996); *Ann M. v. Pacific Plaza Shopping Center*, 6 Cal.4th 666, 673 (1993); Restatement Second of Torts, section 328A; and Judicial Council Of California Civil Jury Instruction 400, Summer 2008 Supplement Instruction.

Medical professionals are negligent if they fail to use the level of skill, knowledge, and care in diagnosis and treatment that other reasonably careful medical professional would use in the same or similar circumstances. This level of skill, knowledge, and care is sometimes referred to as "the standard of care" and can usually only be opined by other medical professionals. *Landeros v. Flood*, 17 Cal.3d 399, 408 (1976); *see also Brown v. Colm*, 11 Cal.3d 639, 642-643 (1974); *Mann v. Cracchiolo*, (1985) 38 Cal.3d 18, 36; and Judicial Council of California Civil Jury Instruction 500, Summer 2008 Supplement Instruction.

### 6. California Tort Claims Act

Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee, such as in a negligence or medical malpractice action, unless he

has first presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. *See* Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). In pleading a state tort claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1243-44 (2004). Failure to allege compliance constitutes a failure to state a cause of action and will result in dismissal of state law claims. *Id.*

## V.   LEAVE TO AMEND

The Court will provide Plaintiff a **final** opportunity to amend his pleading to cure the deficiencies noted in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In a second amended complaint, **Plaintiff must address the deficiencies noted in this Order. Plaintiff is advised that his failure to do so will result in an order dismissing this action for failing to objey a court order and under any applicable rule(s).**

In addition, Plaintiff is cautioned that in his amended complaint he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his first amended complaint, his original pleadings are superseded and no longer serve any function in the case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

Finally, Plaintiff's second amended complaint **SHALL** comply with Fed. R. Civ. P. 8(a) and 18. **Plaintiff's second amended complaint, including the attached exhibits, SHALL NOT exceed 20 pages; SHALL NOT include unrelated claims; and SHALL NOT include claims arising prior to April 24, 2009 as they are barred.**

///

**VI.  ORDER**

For the reasons stated above, the Court **HEREBY ORDERS** that:

1. The First Amended Complaint (Doc. 24) is **DISMISSED;**
2. Plaintiff is **GRANTED** 30 days from the date of service of this Order, to file a second amended complaint that addresses the deficiencies set forth in this Order.  The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."  The Second Amended Complaint **SHALL NOT exceed 20 pages; SHALL NOT include unrelated claims; and SHALL NOT include claims arising prior to April 24, 2009**;
3. The Clerk of the Court is **DIRECTED** to send Plaintiff the form complaint for use in a civil rights action; and
4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **February 13, 2014**              /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE

13