# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING MWASI, | Case No. 1:13-cv-00695-AWI-JLT (PC) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO EXCEED THE PAGE LIMITATION AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL** |
| v. | |
| CORCORAN STATE PRISON, et al | **(Doc. 30)** |
| Defendant. | |

Plaintiff, King Mwasi, is a state prisoner who is currently proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 24, 2013. (Doc. 1.) The action was transferred to this Court on May 10, 2013. (Doc. 6.) Plaintiff was ordered to file a complaint, with which he complied. (Docs. 9, 14.) The Complaint was screened and found to be devoid of any cognizable claims against any of the named Defendants. (Doc. 17.) In the original screening order, Plaintiff was given various pleading standards applicable to the claims he was attempting to state and admonished that an amended complaint must neither exceed 20 pages in length, nor include claims prior to April 24, 2009 as they were past the applicable statute of limitations. (*Id.*)

Plaintiff filed the First Amended Complaint on November 14, 2013. (Doc. 24.) However, despite the admonishments in the original screening order, the First Amended Complaint contained factual allegations as far back as December of 2000, doubled the length of allegations, and more than tripled the number of persons named as Defendants without regard for or any

1

discernable attempt to comply with the original screening order. (*Id.*) It was unclear whether Plaintiff was unwilling or unable to follow the instructions in the original screening order. However, in an effort to give Plaintiff every leniency due to a pro se inmate, he was granted one final opportunity to amend and once again directed not to exceed 20 pages in length, nor include claims prior to April 24, 2009. (Doc. 26.)

On June 2, 2014, along with the Second Amended Complaint ("2nd AC"), Plaintiff filed a motion to exceed the page limit in the 2nd AC by one page, to toll time as to claims prior to April 24, 2009 so that they are not barred by the statute of limitations, to appoint counsel, and to identify the reviewers of his medical grievances as Defendants in the 2nd AC. (Doc. 30.) One page over the limitation imposed in the prior screening order will be allowed this one time.[1] To the extent that Plaintiff's motion seeks to be allowed to exceed the limit of 20 pages in the 2nd AC by one page it is granted.

To the extent Plaintiff's motion seeks to have counsel appointed, it is denied without prejudice as Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Yet without a reasonable method of securing and compensating counsel, the Court seeks volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with

---

[1] Plaintiff is cautioned not to run over limitations imposed by this Court just because it is being allowed this one time.

similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits and, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion, filed June 2, 2014 (Doc. 30) to exceed the page limit is GRANTED, but his request for the appointment of counsel is DENIED, without prejudice.[2]

IT IS SO ORDERED.

Dated: **June 19, 2014**                    /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE

---

[2] The other issues raised in Plaintiff's motion (tolling of the statute of limitations and the cognizability of Plaintiff's claims in the 2nd AC against the reviewers of his medical grievances) will be addressed in the order screening the 2nd AC which will issue shortly if not concurrently herewith.