UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING MWASI,<br><br>            Plaintiff,<br><br>      v.<br><br>CORCORAN STATE PRISON,<br><br>            Defendant. | 1:13-cv-00695 AWI-JLT (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 39) |

On January 28, 2015, plaintiff filed a motion seeking the appointment of counsel. This is the second such motion filed by Plaintiff. As he was advised previously, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

Despite being advised of these standards previously, Plaintiff again iterates the difficulty of litigating this matter while in prison. Unfortunately, the Court has hundreds of cases with inmates facing the same situation. Virtually none of them have had any legal training, they do not have the amount of law library access they would like, they are concerned about their ability to handle trial and they all believe their case is of such complexity as to warrant appointment of counsel.

However, once again, the court does not find the required exceptional circumstances. The fact that Plaintiff is not well-versed in the law or its procedures and the fact that he has made serious allegations which, if proved, would entitle him to relief, does not make this case exceptional. To the contrary, this court is faced with similar cases every day. Further, as the Court informed him before, at this early stage in the proceedings, it cannot determine whether Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id. Conversely, Plaintiff has more than demonstrated his ability to communicate in writing.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **February 4, 2015**          **/s/ Jennifer L. Thurston**
                                     UNITED STATES MAGISTRATE JUDGE