**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KING MWASI,**<br><br>　　　　**Plaintiff**<br><br>　　v.<br><br>**CORCORAN STATE PRISON, et al.,**<br><br>　　　　**Defendants** | **CASE NO. 1:13-CV-695 AWI JLT**<br><br>**ORDER ON FINDINGS AND RECOMMENDATION AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS**<br><br>(Doc. Nos. 29, 32, 41) |

　　Plaintiff, King Mwasi, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983 which he filed on April 24, 2014. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　On July 16, 2014, the Magistrate Judge filed a Findings and Recommendations ("F&R") which was served on Plaintiff and which contained notice that Objections to the F&R were to be filed within thirty days. Plaintiff requested and received multiple extensions of time and ultimately filed objections on January 28, 2015. On February 23, 2015, Plaintiff filed a motion to add an exhibit which had inadvertently not been attached to his objections; this motion is granted. Local Rule 304(b), (d).

　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the F&R to generally be supported by the record and by proper analysis. In part, the F&R concludes that there are no viable claims alleged against Sgt. Holland. The F&R found, however, that an Eighth

Amendment conditions of confinement claim was stated against Defendants Gomez, Cordova, and Torres based on conduct that prevented Plaintiff from receiving meals.  See Doc. No. 32 at 14:4-16.  The Paragraph in the Second Amended Complaint that includes allegations of "meal interference" also alleges that Sgt. Holland was made aware of the pattern of conduct of Gomez, Cordova, and Torres through letters and 602's, yet Sgt. Holland did nothing.  See Second Amended Complaint ¶ 82.  A supervisor can be liable for his own culpable acts of *inter alia* refusing to terminate a series of acts by others that the supervisor knew or should have known would cause a constitutional violation.  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2010).  Paragraph 82 can reasonable be read as alleging that Sgt. Holland knew of Gomez, Cordova, and Torres's on-going actions with respect to Plaintiff's meals, but did nothing about it.  This indicates culpable conduct by Sgt. Holland.  See id.; Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006); Shabazz v. Giurbino, 2014 U.S. Dist. LEXIS 121037, *10-*11 (E.D. Cal. Aug. 28, 2014); Adler v. Sullivan, 2011 U.S. Dist. LEXIS 6920, *16 (E.D. Cal. June 27, 2011); cf. Perez v. Beard, 2015 U.S. Dist. LEXIS 40836, *8 (E.D. Cal. Mar. 27, 2015); Himes v. Gipson, 2013 U.S. Dist. LEXIS 125615, *11-*12 (E.D. Cal. Sept. 2, 2013).  Accordingly, the Court will permit Plaintiff to proceed on an Eighth Amendment conditions of confinement claim (permitting interference with Plaintiff's meals) against Sgt. Holland.

In all other respects, the Court agrees with the F&R and will adopt it.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on July 16, 2014, is ADOPTED as discussed above;
2. This action for damages shall proceed on Plaintiff's Second Amended Complaint on the following claims:
    a. against Defendants Dr. Mahoney, Dr. Blanchard, Urbano LCSW, and Doe 9 for deliberate indifference of Plaintiff's serious medical needs in violation of the Eighth Amendment;
    b. against Defendant Guards Cordova, Torres, and J. Gomez for excessive use of force in violation of the Eighth Amendment;

    c. against Defendant Guards Cordova, Torres, J. Gomez, and Sgt. Holland regarding the conditions of confinement (i.e. "interference with meals") in violation of the Eighth Amendment;

    c. against Dr. Nguyen in his official capacity for violation of Plaintiff's rights under the ADA;

3. All other claims and Defendants are dismissed; and

4. The matter is referred to the Magistrate Judge for service proceedings.

IT IS SO ORDERED.

Dated:  April 14, 2015

          SENIOR DISTRICT JUDGE

3