1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING MWASI,<br><br>              Plaintiff,<br><br>     v.<br><br>CORCORAN STATE PRISON,<br><br>              Defendant. | **Case No.  1:13-cv-00695-JLT (PC)**<br><br>**ORDER DENYING MOTION FOR LAW LIBRARY ACCESS**<br><br>**(Doc. 44)** |

Plaintiff, King Mwasi, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding in this action on his claims in the Second Amended Complaint against Defendants Dr. Mahoney, Dr. Blanchard, Urbano LCSW, and Doe 9 for deliberate indifference of Plaintiff's serious medical needs in violation of the Eighth Amendment; against Defendant Guards Cordova, Torres, and J. Gomez for excessive use of force in violation of the Eighth Amendment; against Defendant Guards Cordova, Torres, J. Gomez, and Sgt. Holland regarding the conditions of confinement (i.e. "interference with meals") in violation of the Eighth Amendment; and against Dr. Nguyen in his official capacity for violation of Plaintiff's rights under the ADA.  (Docs. 32, 43.)

On April 23, 2015, Plaintiff filed a motion seeking an order for him to be granted physical access ("not 'paging'") to the law library a minimum of ten hours a week.  (Doc. 44.)  Plaintiff argues that when there is a court deadline, his access to the law library is sporadic; that without a court deadline his access to the law library is limited to two hours every few months; and that

1

there are no deadlines in this Court's orders thus far.  (*Id.*)  However, several orders with deadlines have issued in this case.  (*See* Docs. 9, 10, 15, 16, 17, 21, 26, 28, 32, 34, 36, 38.)  As is evidenced by various orders in this case, requests by inmates for extensions of time to comply with orders from this court are routinely granted where there is a showing of good cause.  (*See* Docs. 12, 21, 28, 34, 36, 38.)  Further, Plaintiff's argument that deadlines for responding to discovery are not contained in court orders is correct but, of course, most discovery seeks factual information, not the type of information which can be obtained from the law library.  However, if it turns out he needs more time to respond to a discovery request, he can apply for that relief to the Court which would result in an order.[1]  However, this argument is not yet ripe as the defendants have not been served and answered for a Discovery and Scheduling Order to issue. The most recently issued order directs Plaintiff to submit documents for service within thirty day of the date that it issued, April 28, 2015.  (Doc. 45.)  Thus, there is a currently pending court deadline that Plaintiff may show prison staff to assist in his access to the law library.

The Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1970).  Thus, the Court shall defer to the prison's policies and practices in granting access to the law library and materials to Plaintiff.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for law library access, filed April 23, 2015 (Doc. 44), be DENIED with prejudice.

IT IS SO ORDERED.

Dated:   __May 12, 2015__                    _____/s/ Jennifer L. Thurston_____
                                                            UNITED STATES MAGISTRATE JUDGE

---

[1] On the other hand, this Court currently has before it, literally, thousands of cases involving inmate-litigants who manage to obtain sufficient, though minimal, access to the law library without the Court issuing orders setting forth discovery response deadlines.  In addition, the prison officials—not this Court—is best situated to determine the priority for inmate access to the law library.