# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING MWASI,<br><br>            Plaintiff,<br><br>      v.<br><br>CORCORAN STATE PRISON, et al.,<br><br>            Defendant. | Case No.: 1:13-cv-00695-AWI-JLT (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO ALTER/AMEND JUDGMENT AND MOTION TO AMEND**<br>**(Doc. 46)**<br><br>**ORDER WITHDRAWING ORDER DIRECTING PLAINTIFF TO SUBMIT SERVICE DOCUMENTS AND USM-285 FORMS**<br>**(Doc. 45)**<br><br>**ORDER ON MOTION TO AMEND**<br>**(Doc. 48)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff King Mwasi ("Plaintiff") is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this matter via a letter which he filed in the Northern District of California. (Doc. 1.) Heretofore, this action was proceeding on the claims found cognizable in the Second Amended Complaint (Docs. 32, 43) and an order recently issued directing Plaintiff to submit service documents and USM-285 forms (Doc. 45).

On May 7, 2015, Plaintiff filed a motion to alter/amend judgment and to be allowed to amend the Second Amended Complaint. (Doc. 46.) In his motion, Plaintiff states that he inadvertently failed to allege compliance with the California Tort Claims Act, but that he did in fact comply and desires to

1

be allowed to amend his pleading to reflect as much. (*Id.*) In previous complaints, Plaintiff indicated that he had filed claims with the "GOVERNMENT CLAIM BOARD" and was denied.

Plaintiff will be granted leave to amend only to correct the deficiencies in his pleading regarding his claims under California law. However, Plaintiff may not change the nature of his claims under federal law that were previously found cognizable. Plaintiff would, in fact, do well to duplicate his allegations from the Second Amended Complaint upon which his federal claims were found cognizable -- i.e. under the Eighth Amendment for deliberate indifference of Plaintiff's serious medical needs against Defendants Dr. Mahoney, Dr. Blanchard, Urbano LCSW, and Doe 9; his claims under the Eighth Amendment for excessive use of force and regarding the conditions of his confinement against Defendant Guards Cordova, Torres, and J. Gomez; and his claims under the ADA against Dr. Nguyen in his official capacity. Further, Plaintiff is strictly admonished that his third amended complaint **MUST NOT** exceed twenty (20) pages in length and, as discussed in greater detail later herein, Plaintiff **MUST NOT** include any allegations regarding incidents that occurred prior to April 2009 since they are barred by the applicable statute of limitations.

Plaintiff is being provided pleading standards, the legal standards for both his federal claims that were previously found cognizable and the standards for the claims he desires to state under California law, a copy of the Second Amended Complaint (Doc. 29), and a copy of the Findings and Recommendations screening the Second Amended Complaint (Doc. 32) to assist Plaintiff's understanding of the application of standards to his allegations. Additionally, Plaintiff made claims under two provisions of the California Constitution – Article I, sections 3 and 17. However, as explained below, because no private cause of action is available under these two sections, Plaintiff may not include claims under California Constitution Article I, section 2 and 17 in any amended complaint.

**I.    Requirements**

**A.    Screening**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). All claims that Plaintiff attempts to state in a third amended complaint will be screened for cognizablility.

### B. Pleading Standards

#### 1. Federal Rule of Civil Procedure 8(a)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C.  § 1915(e)(2)(B)(ii).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff must set forth only as much "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not.  *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.  Courts are not required to indulge unwarranted inferences.  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal.  A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases.  *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).  The Rule is also violated, though, when a pleading says *too much*.  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity.  Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").  Plaintiff's third amended complaint must **not exceed twenty (20) pages** in length.

### 2. Federal Rule of Civil Procedure 18(a)

Fed.R.Civ.P. 18(a) states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

As stated in the prior screening orders, the relationship between Plaintiff's allegations against defendants at various facilities is undiscernible.  It appears that Plaintiff attempted to plead around this by alleging that the entire timeframe of his incarceration, and he has given detailed explanations of all of his medical problems, symptoms, and pain to all doctors at every prison he has been housed at.  (Doc. 29, 2nd AC, ¶ 22.)  However, this is insufficient to show that the medical care he received, or did not receive, at one facility was related to that provided at any other facility.  The presence of

1 multiple continuing medical problems does not make all allegations against every medical provider
2 who treated Plaintiff related.
3     Plaintiff was warned in prior screening orders that all unrelated claims will be stricken. As
4 previously directed, any claims that occurred at facilities other than those previously found cognizable
5 in the Second Amended Complaint that occurred at COR, violate Rule 18 and will be dismissed.

6     C. **Statute of Limitations**

7     Prisoners generally have four years from the date the claim accrues to file their action. *See*
8 *Wallace v. Kato,* 549 U.S. 384, 387–88 (2007) (applicable statute of limitations is California's statute
9 of limitations for personal injury actions; Cal. Civ. Proc. Code § 335.1 (establishing a two-year statute
10 of limitations in § 1983 cases); and California Civil Procedure Code § 352.1(a) (providing a tolling of
11 the statute of limitations for two years for persons imprisoned on a criminal charge). As stated in prior
12 screening orders, April 24, 2013 is the determinative date regarding the timeliness of Plaintiff's
13 claims. Thus, any claims based on events that occurred prior to April 24, 2009 are barred.

14     D. **Legal Standards**
15         **1. Eighth Amendment**
16             **a. Serious Medical Needs**

17     To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first
18 "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result
19 in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff
20 must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680
21 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)
22 (quotation marks omitted)).

23     The existence of a condition or injury that a reasonable doctor would find important and
24 worthy of comment or treatment, the presence of a medical condition that significantly affects an
25 individual's daily activities, and the existence of chronic or substantial pain are indications of a serious
26 medical need. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing *McGuckin v. Smith*, 974
27 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104
28

5

F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994).

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (quoting *Whitley*, 475 U.S. at 319). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotation marks omitted). Under *Jett*, "[a] prisoner need not show his harm was substantial." *Id.*; *see also McGuckin*, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in 'substantial' harm to the prisoner is not necessary.").

### b. Excessive Force

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir.1988), cert. denied, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim"). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800

F.Supp. 797, 800 (N.D.Iowa 1992) (citation omitted), *aff'd,* 973 F.2d 686 (8th Cir. 1992). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at 347).

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (8th Amendment excludes from constitutional recognition de minimis uses of force). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (internal quotations marks and citations omitted).

### c. Conditions of Confinement

Although the Constitution " 'does not mandate comfortable prisons,' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes*, 452 U.S. at 349), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard*, 887 F.2d at 137. Adequate food is a basic human need protected by the Eighth Amendment. *Hoptowit*, 682 F.2d at 1246. While prison food need not be "tasty or aesthetically pleasing," it must be "adequate to maintain health." *LeMaire*, 12 F.3d at 1456. Conditions of confinement, however, constitute cruel and unusual punishment "only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." *Wilson*, 501 U.S. at 304. "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id*.

### 2. Americans with Disabilities Act ("ADA")

The United States Supreme Court has determined that Title II of the Americans with

Disabilities Act, 42 U.S.C. Section 12131 *et seq.*, which prohibits "public entities" from discriminating against individuals with disabilities because of their disability, applies to state prisons and prisoners. *See Pennsylvania Dept. Of Corrections v. Yeskey*, 524 U.S. 206 (1998) ("the [ADA's] language unmistakably includes State prisons and prisoners within its coverage"). A plaintiff states a cause of action under Title II of the ADA where he alleges that "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1021 (9th Cir. 2010). The ADA does not provide a remedy for inadequate medical treatment of a disability. *Simmons*, 609 F.3d at 1022. Further, while "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act," *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002), a state official may be sued in his or her official capacity under the ADA, *Mirand B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003).

### 3. California Law

Plaintiff is warned that he specifically identify by name which California state law claims he is making. References such as "Claims under California tort law" and or listing certain causes of action and then including "et al." violate Rule 7 and will not suffice. Instead, Plaintiff shall expressly identify each California law claim and expressly state which defendant is allegedly liable under that cause of action.

### a. Tort Claims Act

Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee, such as in a negligence or medical malpractice action, unless he has first presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. *See* Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). In pleading a state

tort claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1243-44 (2004). Failure to allege compliance constitutes a failure to state a cause of action and will result in dismissal of state law claims. *Id.*

Plaintiff must expressly allege that he presented his claim to the *"California Victim Compensation and Government Claims Board."* An allegation that he filed a claim in general, or that he filed a claim with the *"Government Claim Board"* is insufficient because in some instances, the "Government Claim Board" refers to the entity to which one would present a claim if pursing a claim under the Federal Tort Claims Act, which is insufficient for claims under the CTCA.

### b. Negligence

"In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation and damages. The threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion. Whether this essential prerequisite to a negligence cause of action has been satisfied in a particular case is a question of law to be resolved by the court. To say that someone owes another a duty of care is a shorthand statement of a conclusion, rather than an aid to analysis in itself. [D]uty is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection. [L]egal duties are not discoverable facts of nature, but merely conclusory expressions that, in cases of a particular type, liability should be imposed for damage done." *Los Angeles Memorial Coliseum Commission v. Insomaniac, Inc.* 233 Cal.App.4th 803, 908 (2015) (citations and quotations omitted).

### c. Medical Malpractice

The elements of a cause of action in tort for medical malpractice/medical negligence are: (1) the duty of the professional to use such skill, prudence and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the medical professional's negligence. *See Burgess v. Superior Ct.*, 2 Cal.4th 1064, 1077 (1992); *Powell v. Kleinman*, 151 Cal.App.4th 112, 122 (2007). The first element is sometimes

9

1 referred to as "the standard of care" and can usually only be opined by other medical professionals.
2 *Landeros v. Flood*, 17 Cal.3d 399, 408, 410 (1976); *see also Brown v. Colm*, 11 Cal.3d 639, 642−43
3 (1974); *Powell*, 151 Cal.App.4th at 123.

### c. Assault & Battery

An assault is a "demonstration of an unlawful intent by on person to inflict immediate injury on the person of another then present." *Lowry v. Standard Oil Co.*, 63 Cal.App.2d 1, 6-7 (1944). For an assault claim under California law, a plaintiff must show that (1) the defendant threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the harm. *Tekle v. U.S.*, 511 F.3d 839, 855 (9th Cir. 2007) (citation omitted). "A battery is a violation of an individual's interest in freedom from intentional, unlawful, harmful or offensive unconsented contacts with his or her person." *Rains v. Superior Ct.*, 150 Cal.App.3d 933, 938 (1984). For battery, a plaintiff must show that (1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person; (2) the plaintiff did not consent to the contact; and (3) the contact caused injury, damage, loss, or harm to the plaintiff. *Tekle*, 511 F.3d at 855.

### d. California Constitution Art. I, § 3(a)

Article I, section 3(a) of the California Constitution provides that "[t]he people have the right to instruct their representatives, petition government for redress of grievances, and assemble freely to consult for the common good." A plaintiff must allege facts that plausibly show a violation of the right to instruct a representative, petition the State of California for redress, or to assemble freely. *See id.* However, there is no private cause of action for money damages for violation of Article I, section 3(a). *Simpson v. County of Contra Costa,* 2013 U.S. Dist. LEXIS 43807, *15 (N.D. Cal. Mar. 26, 2013); *MHC Fin.'g Ltd. Ptnshp. II v. City of Santee*, 182 Cal.App.4th 1169, 1188 (2010). Any relief for violation of Article I, section 3(a) is limited to injunctive and declaratory relief for on-going violations. *See MHC*, 182 Cal.App.4th at 1174, 1187-88; *cf. Giraldo v. California Dep't of Corr. and Rehab.*, 168 Cal.App.4th 231, 257 (2008) (discussing remedies for violation of California Constitution Art. I, section 17.

### e. California Constitution Art. I, § 17

Plaintiff alleges a violation of section 17 of the California Constitution which prohibits cruel and unusual punishment. CA Constit. art. I § 17. However, there is no private cause of action for money damages for violation of Article I, section 17. *Giraldo*, 168 Cal.App.4th at 253-57 (citing *Katzberg v. Regents of the University of California*, 29 Cal.4th 300, 329 (2002)); *see also Davis v. Kissinger*, 2009 WL 256574, at *12 n.4 (E.D.Cal. Feb. 3, 2009), *adopted in full*, 2009 WL 647350 (Mar. 10, 2009). Even though the state cruel or unusual punishment clause represents a significant right, alternative remedies are available to inmates in the form of a negligence action or an action for damages under the federal cruel and unusual punishment clause. *Id.* Thus, Plaintiff is precluded from brining a claim under section 17 of the California Constitution for money damages. Any relief for violation of Article I, section 17 is limited to injunctive and declaratory relief for on-going violations. *See Giraldo*, 168 Cal.App.4th at 257.

## III. Motion To Amend

On May 21, 2015, Plaintiff filed a two page motion to amend. Many of the issues raised in the motion to amend is addressed by this Order. However, Plaintiff also requests leave to file an amended complaint that adds new parties and claims that arose in Corchoran State Prison. Leave to add the additional claims and parties will not be granted. Plaintiff offers no explanation for why such claims and parties were not previously included, and, more importantly, Plaintiff provides no description of the claims and parties that he seeks to add. Therefore, Plaintiff's motion to amend will be granted to the extent that it is consistent with the analysis of this order, but denied to the extent that Plaintiff wishes to add new claims and new parties.

## IV. Order

In light of Plaintiff's motion for reconsideration, Plaintiff is granted leave to file a third amended complaint, confined to the parameters described herein, within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in any third amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The third amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's third amended complaint **may not exceed twenty (20) pages**. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes all prior pleadings, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to [] prior or superceded pleading[s]," Local Rule 220.

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his third amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Order Directing Plaintiff to Submit Service Documents and USM-285 Forms that issued on April 28, 2015 (Doc. 45) is WITHDRAWN;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; a copy of the Second Amended Complaint filed on June 2, 2014 (Doc. 29), and a copy of the Findings and Recommendations screening the Second Amended Complaint that issued on July 16, 2014 (Doc. 32);
3. Plaintiff's motion to amend (Doc. 48) is GRANTED to the extent it is consistent with this order, but DENIED to the extent that Plaintiff seeks to add new claims and new

   parties;

4. Within thirty (30) days from the date of service of this order, Plaintiff may file a third amended complaint adhering to the requirements set forth in this order; and

5. If Plaintiff fails to comply with this order, leave to amend will be withdrawn without further notice, Plaintiff will be required to file service documents, and this case shall proceed on the claims found cognizable in the Second Amended Complaint.

IT IS SO ORDERED.

Dated: May 27, 2015

            SENIOR DISTRICT JUDGE