# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING MWASI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CORCORAN STATE PRISON, et al<br><br>　　　　Defendant. | Case No. 1:13-cv-00695-DAD-JLT (PC)<br><br>**ORDER WITHDRAWING FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING EXTENSION OF TIME TO FILE OPPOSITION NUNC PRO TUNC; AND DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**(Docs. 87, 88, 90, 91)**<br><br>**60-DAY DEADLINE** |

　　　　On May 30, 2017, Defendants filed a motion for summary judgment contending that Plaintiff violated 42 U.S.C. § 1997e(a) because he failed to exhaust the available administrative remedies prior to filing this suit. (Doc. 83.) Despite lapse of more than a month beyond the allowed time, Plaintiff filed neither an opposition, nor a statement of opposition to Defendants' motion. Thus, on August 17, 2017, the Court issued Findings and Recommendations grant Defendants' motion. (Doc. 87.)

　　　　On August 28, 2017, Plaintiff filed a motion seeking a 60-day extension of time to file an opposition to Defendants' motion. (Doc. 88.) On September 11, 2017, Plaintiff filed a motion to appoint counsel as well as a motion to rescind the F&R or stay the action as well as a motion to allow him to file an opposition to Defendants' motion. (Docs. 90, 91.) Plaintiff contends in both his motion for an extension of time and to rescind the F&R that he gave Defendants' motion and

1

exhibit A to another inmate who was going to help Plaintiff prepare an opposition. (Docs. 88, 91.) However, the other inmates' folder, which contained Plaintiff's copy of the motion and exhibit A, was stolen. Plaintiff has also been attempting to gain access to his boxes of legal materials to no avail and has been experiencing difficulties with mailing correspondence out of CSP.

Plaintiff's most recent motion shows that, after receipt of Defendants' motion, Plaintiff attempted to gain access to his boxes of legal property which are stored at R&R, but that as of June 26, 2017, he had not been able to do so. Thus, on that date he filed a Form 22 hoping to gain access (Doc. 91, p. 7) and, though not received and filed, Plaintiff also sent a request for an extension of time as well as a motion to appoint counsel to this court (Doc. 88, p. 1). On July 23, 2017, Plaintiff submitted another Form 22 requesting access to his legal boxes. (Doc. 91, p. 8.) On August 18, 2017,[1] Plaintiff was finally escorted to R&R and was allowed 2 hours to review and exchange his legal materials. (*Id.*, p. 10.)

On August 24, 2017, another Form 22 from Plaintiff was forwarded by U.S. Mail to the mailroom supervisor, in which Plaintiff requested a copy of the legal mail log for June 26, 2017 since he had not received any response from the court or defense counsel to his June 16, 2017 motions and correspondence. (Doc. 91. p. 12.)

On August 27, 2017, Plaintiff submitted a Form 22 indicating that (apparently when he reviewed them on August 18th) his legal materials were all mixed up and that he needed further access to finish sorting through his documents to be able to comply with court deadlines. (*Id.*, p. 11.) That same date, Plaintiff submitted another Form 22 requesting copies of documents which he was afraid would be lost if he sent them via institutional mail, in which Plaintiff noted that neither the court nor defense counsel had received correspondence he recently sent. (*Id.*, p. 6.) The law librarian responded to Plaintiff's request on August 31, 2017, by indicating that she was out of some supplies, but that she would come to see Plaintiff at his cell if she was unable to get him to the library on "Friday or Monday." (*Id.*)

---

[1] This is a typed 128 B General Chrono form. Though this form notes that Plaintiff was escorted to R&R and allowed to review and exchange his legal materials for two hours on August 18, 2017, the form itself is dated a year earlier, on August 18, 2016. (*See* Doc. 91, p. 10.)

2

1       Finally, Plaintiff submitted a Form 22 that he submitted earlier this month, concerning problems he has experienced with his outgoing legal mail. (*Id.*, p. 13.) On that form, prison staff confirms that "on several occasions legal mail that Mwasi sent out days prior would be returned without leaving facility for unknown reasons. We on 3W show him and remail." (*Id.*)

      The combination of these circumstances provide good cause to vacate the F&R and grant Plaintiff an extension of time to file an opposition or statement of non-opposition to Defendants' motion for summary judgment. Though copies of documents are not usually provided for parties, this once the Court will make an exception and will direct the Clerk's Office to send Plaintiff a copy of Defendants' points and authorities, statement of undisputed facts, and the declaration of Goree which was stolen from the inmate who intended to assist Plaintiff.

      However, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, which are not present here, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

      Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

      In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits and, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.*

/ / /

Accordingly, the Court ORDERS:

1. Plaintiff's motion, filed on September 11, 2017 (Doc. 91), to rescind the Findings and Recommendations to grant Defendants' motion for summary judgment is GRANTED;

2. The Findings and Recommendations to grant Defendants' motion for summary judgment, issued on August 17, 2017 (Doc. 87), are VACATED;

3. Plaintiff's motion for an extension of time to file an opposition or statement of non-opposition to Defendants' motion for summary judgment, filed August 28, 2017 (Doc. 88), is granted *nunc pro tunc* and he shall do so within 60 days of the date of service of this order, failure to comply will result in reinstatement of the August 17, 2017 Findings and Recommendations;

4. Plaintiff's motion for appointment of counsel, filed September 11, 2017 (Doc. 90), is DENIED without prejudice; and

5. The Clerk's Office is directed to forward copies of Defendants' motion for summary judgment (Doc. 83), points and authorities (Doc. 83-1), statement of undisputed facts (Doc. 83-2), and the declaration of Goree (Doc. 83-4) as well as another copy of the Second Informational Order that issued on June 1, 2017 (Doc. 85) to Plaintiff along with service of this order.

IT IS SO ORDERED.

Dated: **September 14, 2017**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

4